## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAWN HARTLEY-CULP, Individually
and on Behalf of Others Similarly
Situated,

                 Plaintiff,

       v.

GREEN TREE SERVICING, LLC,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION FANNIE MAE, and
RESOLVE SOLUTION SERVICES
CORPORATION,

            Defendants.

ELECTRONICALLY FILED

NO. 3:14-CV-00200
(JUDGE MUNLEY)

## DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S
## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES.................................................................................ii-iv

I.   INTRODUCTION................................................................................. 1

II.   STATEMENT OF FACTS ................................................................... 2
    A.   Fannie Mae ................................................................................ 2
    B.   The Second Amended Complaint........................................... 3

III.   LEGAL STANDARD............................................................................ 4
    A.   Motion to Dismiss Pursuant to Rule 12(b)(6) ..................... 4
    B.   The Telephone Consumer Protection Act ............................ 5

IV.   ARGUMENT ........................................................................................ 5
    A.   Plaintiff's Claims Against Fannie Mae Must Be Dismissed
       Because Fannie Mae Did Not Place the Calls At Issue...................... 6
    B.   Plaintiff's Claims Against Fannie Mae Must Be Dismissed
       Because Plaintiff Fails To Allege Sufficient Facts To Establish
       Vicariously Liability. ................................................................. 8
    C.   Plaintiff's Claims Against Fannie Mae Must Be Dismissed
       Under the *Merrill* Doctrine. .................................................. 11

V.   CONCLUSION ..................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................ 4, 5, 10

*Batzel v. Smith,*
    333 F.3d 1018 (9th Cir. 2003) ........................................................ 9

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ....................................................................... 5

*Chavez v. Advantage Grp.,*
    959 F. Supp. 2d 1279 (D. Colo. 2013) ........................................... 8

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,*
    467 U.S. 837 (1984) ....................................................................... 7

*CliniMicro Immunology Ctr., LLC v. PrimeMed, P.C.,*
    No. 3:CV-11-2213, 2013 WL 3776264 (M.D. Pa. July 17, 2013) ...................... 9

*Dames & Moore v. Emirate of Dubai,*
    1996 WL 671279 (N.D. Cal. Nov. 14, 1996)................................... 9

*Deerman v. Fed. Home Loan Mortg. Corp.,*
    955 F. Supp. 1393 (N.D. Ala. 1997), *aff'd* 140 F.3d 1043 (11th Cir.
    1998)............................................................................................. 13

*DeKalb Cnty. v. Fed. Hous. Fin. Agency,*
    741 F.3d 795 (7th Cir. 2013)......................................................... 12

*Federal Crop Insurance Corporation v. Merrill,*
    332 U.S. 380 (1947) ............................................................. passim

*Hennepin Cnty. v. Fed. Nat'l Mortg. Ass'n,*
    742 F.3d 818 (8th Cir. 2014).......................................................... 12

*Hinton v. Fed. Nat'l Mortg. Ass'n,*
    945 F. Supp. 1052 (S.D. Tex. 1996) ......................................... 11, 13

Page(s)

*In re Fannie Mae 2008 Sec. Litig.,*
  No. 08 Civ. 7831 (PAC), 2009 WL 4067259 (S.D.N.Y. Nov. 24, 2009)..............
  ..................................................................................................... 11, 12, 13

*Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.,*
  106 F.3d 1146 (4th Cir. 1997)................................................................... 7

*Jakubiec v. Camp Nock-A-Mixon, Inc.,*
  No. 10-4244, 2011 WL 1042301 (E.D. Pa. Mar. 18, 2011) ................................ 9

*Keane Corp. v. United States,*
  508 U.S. 200 (1993) ............................................................................... 7

*Knutson v. Reply!, Inc.,*
  No. 10-CV-1267 BEN (WMC), 2011 WL 291076 (S.D. Cal. Jan. 27,
  2011)................................................................................................... 6

*Lucas v. Telemarketer Calling From (407) 476-5670 & Other Tel. Nos.,*
  2014 WL 1119594 (S.D. Ohio 2014)........................................................... 8

*Mais v. Gulf Coast Collection Bureau, Inc.,*
  944 F. Supp. 2d 1226 (S.D. Fla. 2013) ................................................... 7, 10

*Mendrala v. Crown Mortgage Co,*
  955 F.2d 1132 (7th Cir. 1992).................................................................. 13

*Mims v. Arrow Fin. Servs., LLC,*
  132 S. Ct. 740 (2012) .............................................................................. 7

*Palm Beach Golf Center-Boca, Inc. v. Sarris,*
  2013 WL 5972173 (S.D. Fla. Oct. 22, 2013)................................................. 8

*Paslowski v. Standard Mortg. Corp. of Ga.,*
  129 F. Supp. 2d 793 (W.D. Pa. 2000)......................................................... 13

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n,*
  494 F.3d 788 (9th Cir. 2007).................................................................... 10

*Russello v. United States,*
  464 U.S. 16 (1983) .................................................................................. 7

Page(s)

*Rust v. Johnson,*
 597 F.2d 174 (9th Cir. 1979).................................................................. 12

*Thomas v Taco Bell Corp.,*
 879 F. Supp. 2d 1079 (C.D. Cal. June 25, 2012) .............................. 10

*Vadnais v. Fed. Nat'l Mortg.,*
 No. 13-2733, 2014 WL 2535276 (8th Cir. May 13, 2014)................................ 12

*Zerson v. PT Ins. Grp.,*
 No. 11 C 7919, 2012 WL 5936286 (N.D. Ill. Nov. 27, 2012)........................7-8

*Zhu v. Dish Network, LLC,*
 808 F. Supp. 2d 815 (E.D. Va. 2011).................................................. 8

STATUTES

12 U.S.C. §1716(1)............................................................................ 3

47 U.S.C. § 227 .................................................................................. 5

47 U.S.C. § 227(b)(1) ........................................................................ 5

47 U.S.C. § 227(b)(1)(A) ........................................................ 1, 2, 6, 7

47 U.S.C. §§ 227(b)(1)(A) & (b)(3) ................................................. 6

47 U.S.C. § 227(c)(5) ......................................................................... 6

Pub. L. 90-448, 82 Stat. 467.............................................................. 2

OTHER AUTHORITIES

1968 U.S.C.C.A.N. 547........................................................................ 2

Federal Rule of Civil Procedure 12(b)(6) .................................. 1, 4

*Restatement (Third) of Agency* § 1.02 (2006) cmt. d. ................. 9

**Page(s)**

*Statement of Terence Edwards, Executive Vice President, Credit Portfolio Management Fannie Mae, U.S. Senate Committee on Banking, Housing, and Urban Affairs* (Dec. 1, 2010), http://fanniemae.com/portal/about-us/media/statements/2010/statement-edwards-senate-comm-banking-housing-urban-affairs.html ................................................................................. 3

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Federal National Mortgage Association ("Fannie Mae")[1] respectfully submits this memorandum of law in support of its Motion to Dismiss the claims asserted by Plaintiff Dawn Hartley-Culp against Fannie Mae in the Second Amended Complaint.

## I.   **INTRODUCTION**

In the Second Amended Complaint, Plaintiff purports to assert claims against Fannie Mae, Green Tree Servicing, LLC ("Green Tree") and Resolve Solution Services Corporation ("Resolve") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A). Plaintiff claims that she received certain unsolicited calls on her cell phone in violation of the TCPA. Specifically, the Second Amended Complaint makes the conclusory allegation that Plaintiff received unsolicited calls from Resolve "on behalf of Defendant Fannie Mae." What the Second Amended Complaint lacks, however, are any allegations that would support even an inference that Fannie Mae was in anyway involved with or otherwise authorized the alleged calls being made. Without such allegations, Fannie Mae's motion to dismiss all claims against it should be granted with prejudice for several reasons:

---

[1] The Second Amended Complaint misnames Fannie Mae as "Federal National Mortgage Association Fannie Mae."

- Fannie Mae indisputably did not make the alleged calls, as required by the TCPA to impose liability;

- As to vicarious liability, Plaintiff has failed to allege that Fannie Mae had the right to control, and in fact did control, *the manner and means* by which the third party made the alleged calls; and

- Under the Supreme Court's holding in *Federal Crop Insurance Corporation v. Merrill,* 332 U.S. 380 (1947), federal instrumentalities are immune from liability for the unlawful actions of their agents and independent contractors unless specifically authorized. Under well-established law, Fannie Mae is a federal instrumentality, and here there are no allegations (nor could there be) that Fannie Mae expressly authorized anyone to make calls to Plaintiff in violation of applicable law.

Accordingly, Plaintiffs claims must be dismissed as to Fannie Mae.

## II.   STATEMENT OF FACTS

### A.   Fannie Mae

Fannie Mae was established as a government-sponsored enterprise to provide stability and liquidity in the secondary mortgage market and to make mortgages more accessible for low- and middle-income Americans. 12 U.S.C. §§ 1716(1)(4), 1719, *et seq.*; *id.* § 4501(1), (2) & (7). Congress created Fannie Mae to advance the "national goal . . . of 'a decent home and a suitable living environment for every American family.'" Pub. L. 90-448, 82 Stat. 467, *reprinted in,* 1968 U.S.C.C.A.N. 547, 547. In seeking to advance the government's goals, Fannie Mae does not make loans directly to prospective homeowners—indeed, it is statutorily prohibited from doing so. Instead, Fannie Mae operates in the "secondary market for residential mortgages." 12 U.S.C. §1716(1); *see also*

Terence Edwards, *Statement of Terence Edwards, Executive Vice President, Credit Portfolio Management Fannie Mae, U.S. Senate Committee on Banking, Housing, and Urban Affairs* (Dec. 1, 2010), http://fanniemae.com/portal/about-us/media/statements/2010/statement-edwards-senate-comm-banking-housing-urban-affairs.html ("Fannie Mae does not service loans.  We rely on the loan servicing divisions of major banks and other financial institutions as the primary front-line operators and points of contact with the borrowers.").

## B.    The Second Amended Complaint

Plaintiff's Second Amended Complaint ("SAC") alleges that, beginning on or about August 29, 2013, Resolve "started calling [her] cellular telephone number ending in 6721, regarding a home loan issued by Defendant Fannie Mae, that was being serviced by Defendant Green Tree."[2]  (*See* SAC ¶ 12.)  There are no other allegations against Fannie Mae.  Notably, the Second Amended Complaint fails to allege, nor could it allege, that Fannie Mae authorized the calls in question, that the calls were made at Fannie Mae's direction, or that Fannie Mae had any knowledge as to Resolve placing the calls to Plaintiff or as to Resolve's method of placing those calls.

Plaintiff seeks to represent a putative class against Fannie Mae, as well as

---

[2] Fannie Mae does not issue home loans, but acquires them from Fannie Mae approved third-party lenders.

Green Tree and Resolve, based on a violation of the TCPA. Specifically, Plaintiff seeks to represent a nationwide class of persons who "received any telephone call(s) from Defendant Resolve, or its agent(s) and/or employee(s), on behalf of Defendant Fannie Mae, regarding a loan being serviced by Defendant Green Tree, to said person's cellular telephone, made through the use of any automatic telephone dialing system, or an artificial or prerecorded voice, within four years prior to the filing of the [Second Amended] Complaint." (*See* SAC ¶ 23.) Plaintiff alleges that such telephone calls constitute either negligent, knowing, or willful violations of the TCPA, entitling Plaintiffs to $500 for each negligent call received and $1,500 for each "knowing and/or willful violation[] of the TCPA." (*See* SAC ¶¶ 34, 37.) However, because these allegations fail to set forth a viable claim under the TCPA against Fannie Mae, this Court should grant the instant Motion.

## III.   LEGAL STANDARD

### A.   Motion to Dismiss Pursuant to Rule 12(b)(6)

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must proffer "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his or her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007).  In addition, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### B.    The Telephone Consumer Protection Act

The TCPA, 47 U.S.C. § 227, in pertinent part, restricts certain telephone calls using automated telephone equipment and/or an artificial or prerecorded voice to cell phones.  47 U.S.C. § 227(b)(1).  By its terms, the provisions apply only to those persons who "make" or "initiate" the "telephone call" in violation of the statute.  47 U.S.C. § 227(b)(1).

## IV.   ARGUMENT

Plaintiff's Second Amended Complaint fails to set forth a viable claim against Fannie Mae under the TCPA.  First, because Fannie Mae indisputably did not make the alleged calls, Plaintiff's only possible argument under any provision of the TCPA is that Fannie Mae is vicariously liable for the acts of the party that placed the calls in question, in this case co-defendant Resolve.  To pursue this theory, Plaintiff must sufficiently allege that Fannie Mae had the right to control, and in fact did control, *the manner and means* by which the third party made the alleged calls.  However, the Second Amended Complaint fails to set forth such allegations.  Second, even if this Court were to find that Plaintiff has sufficiently pled a theory of vicarious liability, and Plaintiff has not, the claims against Fannie

Mae must still be dismissed because under the *Merrill* Doctrine, a federal instrumentality such as Fannie Mae cannot be held liable for the unauthorized actions of its agents and independent contractors.   Therefore, Fannie Mae respectfully requests that the Court grant its Motion to Dismiss.

### A.   Plaintiff's Claims Against Fannie Mae Must Be Dismissed Because Fannie Mae Did Not Place the Calls At Issue.

It is undisputed that Fannie Mae did not place the calls at issue.  (*See* SAC ¶¶ 12, 13)  Under the relevant provision of the TCPA, only the "person" who actually "make[s]" the call may be held liable.  47 U.S.C. §§ 227(b)(1)(A) & (b)(3); s*ee also Knutson v. Reply!, Inc.*, No. 10-CV-1267 BEN (WMC), 2011 WL 291076, at *2 (S.D. Cal. Jan. 27, 2011) (stating that to allege a claim under § 227(b)(1)(A), plaintiff must plead that defendant "made" the call).

While Plaintiff alleges in a conclusory manner that Resolve made these calls "on behalf of" Fannie Mae, the plain language and structure of the TCPA make clear that indirect theories of liability are not cognizable under Section 227(b)(1)(A).  While the TCPA elsewhere refers to calls made "by or on behalf of" an entity, *see* 47 U.S.C. § 227(c)(5), that same language is conspicuously absent from Section 227(b)(1)(A).  Congress's decision to use that language in another section of the TCPA, but not here must be given meaning, and one may only conclude that Congress intended that Section 227(b)(1)(A) **not** impose vicarious liability. *See Keane Corp. v. United States*, 508 U.S. 200, 208 (1993) ("'Where

Congress includes particular language in one section of a statute but omits it in another it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'").[3]

Indeed, the court in *Mais v. Gulf Coast Collection Bureau, Inc.*, 944 F. Supp. 2d 1226 (S.D. Fla. 2013), rejected an attempt by a plaintiff to impose vicarious liability, opting instead to "employ the statute as written and find that only those who make calls in violation of Section 227(b)(1)(A) may be liable." *Id.* at 1243. The *Mais* court adopted that reading notwithstanding a Federal Communications Commission ("FCC") Ruling to the contrary, explaining that the agency's interpretation was not entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) because "Congress has . . . directly spoken on the issue." *Id.* As the *Mais* court observed, a federal agency is not authorized to add language from one subsection to another where Congress deliberately chose not to do so itself. *Id.* Other federal courts across the country have reached similar conclusions. *See Zerson v. PT Ins. Grp.*, No. 11 C 7919, 2012 WL 5936286 (N.D. Ill. Nov. 27, 2012) *cf. Zhu v. Dish Network, LLC*, 808 F.

---

[3] *See also Russello v. United States*, 464 U.S. 16, 23 (1983) (stating that courts should not "presume to ascribe" textual differences of a statute to "a simple mistake in draftsmanship" by Congress); *Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.*, 106 F.3d 1146, 1152 (4th Cir. 1997) ("[I]n enacting the TCPA, Congress wrote precisely . . . ."); *abrogated on other grounds by Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747 (2012).

Supp. 2d 815 (E.D. Va. 2011); *but see Chavez v. Advantage Grp.*, 959 F. Supp. 2d

1279 (D. Colo. 2013). Therefore, because it is undisputed that Fannie Mae did not

place the calls at issue, Fannie Mae respectfully requests that this Court grant the

instant Motion.

**B.    Plaintiff's Claims Against Fannie Mae Must Be Dismissed Because Plaintiff Fails To Allege Sufficient Facts To Establish Vicariously Liability.**

In the alternative, this Court should dismiss Plaintiff's claims against Fannie

Mae because the Second Amended Complaint does not contain any allegations

that, if accepted as true, establish that Fannie Mae could be vicariously liable for

the calls at issue. A claim for recovery premised upon vicarious liability is devoid

from the complaint, despite having amended it twice already. This too supports

dismissal. *See Palm Beach Golf Center-Boca, Inc. v. Sarris*, No. 12-80178-CIV.,

2013 WL 5972173, at *14 (S.D. Fla. Oct. 22, 2013) ("[A] claim of vicarious

liability for a tort must be pled in the complaint"). Similarly, Plaintiff has failed to

plead a theory of apparent authority, or ratification of the third party's allegedly

illegal actions by Fannie Mae. *See Lucas v. Telemarketer Calling From (407) 476-*

*5670 & Other Tel. Nos.*, No. 1:12-cv-630, 2014 WL 1119594 (S.D. Ohio 2014)

(dismissing the plaintiff's TCPA claims based on vicarious liability because

plaintiff failed to allege that defendants had any form of agency relationship with

the actual party or parties who placed the telemarketing calls).

Plaintiff, as "[t]he party asserting that a relationship of agency exists . . . has the burden in litigation of establishing its existence." *Restatement (Third) of Agency* § 1.02 (2006) cmt. d.  But Plaintiff offers no evidence to prove the *sine qua non* of agency: "that the party designated as principal has the right to control the party designated as agent." *Id.* cmt. b.  Plaintiff's Second Amended Complaint only offers a conclusory, boilerplate reference to Resolve placing calls "on behalf of" Fannie Mae. (*See* SAC at ¶¶ 12-18.)  Such a vague and unsupported allegation unequivocally fails to establish an agency relationship. *See CliniMicro Immunology Ctr., LLC v. PrimeMed, P.C.*, No. 3:CV-11-2213, 2013 WL 3776264 (M.D. Pa. July 17, 2013) (noting the failure to allege specific facts showing that the parties were in a "principal/agent relationship"); *Jakubiec v. Camp Nock-A-Mixon, Inc.*, No. 10-4244, 2011 WL 1042301, at *4 (E.D. Pa. Mar. 18, 2011) (quoting *Twombly*, 550 U.S. at 570, and dismissing the plaintiff's vicarious liability allegations because plaintiff failed to include "enough facts to state a claim to relief that is plausible on its face").[4]

---

[4] *See also Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003) ("The right of the alleged principal to control the behavior of the alleged agent is an essential element which must be factually present"); *Dames & Moore v. Emirate of Dubai*, No. C 96-2967 FMS, 1996 WL 671279 at *3 (N.D. Cal. Nov. 14, 1996) ("Plaintiff bears the burden of asserting facts sufficient to withstand defendant's motion to dismiss regarding this assertion of an agency relationship.").

Courts have consistently held that vicarious liability under the TCPA requires a showing that the defendant controlled the manner and means of the third-party vendor's marketing activities. *See, e.g.*, *Mais*, 944 F. Supp. 2d at 1243-44 (stating that to satisfy the level of "control" necessary to establish vicarious liability under the TCPA, Plaintiff must establish that defendants, as the principals, maintained control over, and supervised, key aspects of the undertaking); *Thomas v Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012) (finding that a plaintiff claiming a TCPA violation under a vicarious liability theory must demonstrate that the principal "controlled or had the right to control" the agent and "the manner and means of the [marketing] campaign" the agent conducted). Here, although the Second Amended Complaint alleges that the calls were purportedly made "on behalf" of Fannie Mae (SAC ¶¶ 12-13), it does not set forth additional factual allegations that would warrant a reasonable inference of vicarious liability. *See Iqbal*, 556 U.S. at 678. For instance, Plaintiff has failed to allege that Resolve was Fannie Mae's agent. Indeed, Plaintiff does not set forth any allegations regarding the relationship between Resolve and Fannie Mae at all. Further, Plaintiff has not alleged that placing the calls at issue were within the scope of a principal-agent relationship between Resolve and Fannie Mae. *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 806 (9th Cir. 2007) ("Because Perfect 10 has failed to show that Defendants have the right and ability to control the alleged

10

[unlawful] conduct, it has not pled a viable claim of vicarious liability."). Because the Second Amended Complaint fails to set forth allegations against Fannie Mae that establish vicarious liability, Fannie Mae respectfully requests that this Court grant the instant Motion.

### C. Plaintiff's Claims Against Fannie Mae Must Be Dismissed Under the *Merrill* Doctrine.

Even if this Court were to find that Plaintiff has sufficiently pled a theory of vicarious liability, Plaintiff's claims against Fannie Mae must be dismissed because they are precluded by the *Merrill* doctrine. Under the *Merrill* doctrine, a federal instrumentality, such as Fannie Mae, cannot be held liable for the actions of its agents or independent contractors that it has not expressly authorized. *Hinton v. Fed. Nat'l Mortg. Ass'n*, 945 F. Supp. 1052, 1060 (S.D. Tex. 1996) (*citing Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384 n.1 (1947)), *aff'd*, 137 F.3d 1350 (5th Cir. 1998). Because Fannie Mae is a federal instrumentality, Plaintiff's failure to allege that Fannie Mae expressly authorized the calls placed by Resolve must result in dismissal of the claims against Fannie Mae. *Id.*; *In re Fannie Mae 2008 Sec. Litig.*, No. 08 Civ. 7831 (PAC), 2009 WL 4067259, at *3 (S.D.N.Y. Nov. 24, 2009).

Courts, including the United States Courts of Appeals for the Seventh, Eighth and Ninth Circuits, have consistently held that Fannie Mae is a federal instrumentality. *See, e.g.*, *Vadnais v. Fed. Nat'l Mortg.*, No. 13-2733, 2014 WL

2535276 (8th Cir. May 13, 2014); *Hennepin Cnty. v. Fed. Nat'l Mortg. Ass'n*, 742 F.3d 818, 824 (8th Cir. 2014); *DeKalb Cnty. v. Fed. Hous. Fin. Agency*, 741 F.3d 795, 803 (7th Cir. 2013); *Rust v. Johnson*, 597 F.2d 174, 177 (9th Cir. 1979). Thus, in *Federal National Mortgage Association v. Lefkowitz*, the three judge panel aptly noted, "[a] glance at [Fannie Mae's charter], leaves little doubt that Congress intended [Fannie Mae] to be recognized as a federal instrumentality." 390 F. Supp. 1364, 1368 (S.D.N.Y. 1975) (citing 12 U.S.C. § 1716 *et seq.*); *see also Vadnais*, 2014 WL 2535276 at *2 (affirming the district court's granting of a motion to dismiss based on the conclusion that Fannie Mae is a federal instrumentality); *Hennepin Cnty.*, 742 F.3d at 824 ("For all these reasons, no question remains that Fannie Mae, Freddie Mac and the FHFA are governmental instrumentalities which Congress has the authority to protect . . . ."); *DeKalb Cnty.*, 741 F.3d at 802 (concluding that Fannie "is a federal instrumentality"); *In re Fannie Mae 2008 Sec. Litig.*, 2009 WL 4067259, at *3 ("Fannie Mae is a governmental instrumentality because of its fundamental government-like attributes.").

As a federal instrumentality, Fannie Mae has no liability for the actions taken by its independent contractors or agents that is has not expressly authorized. *See Hinton*, 945 F. Supp. at 1060; *In re Fannie Mae 2008 Secs. Litig.*, 2009 WL 4067259, at *3; *Deerman v. Fed. Home Loan Mortg. Corp.*, 955 F. Supp. 1393,

12

1400 (N.D. Ala. 1997), *aff'd* 140 F.3d 1043 (11th Cir. 1998); *Paslowski v.*

*Standard Mortg. Corp. of Ga.*, 129 F. Supp. 2d 793, 799-801 (W.D. Pa. 2000)

(same).

Here, Fannie Mae's unique status as a federal instrumentality precludes

liability for the acts of Resolve that were not expressly authorized by Fannie Mae.

*See Mendrala v. Crown Mortgage Co*, 955 F.2d 1132, 1140-41 (7th Cir. 1992)

(applying the *Merrill* doctrine to protect Freddie Mac from the unauthorized acts of

its loan servicers); *Hinton*, 945 F. Supp. at 1060 ("as a federal instrumentality,

[Fannie Mae] cannot be held liable for the acts . . . that it has not expressly

authorized"); *see also Deerman*, 955 F. Supp. at 1400 (dismissing claim against

Freddie Mac for actions of its servicer under *Merrill*).  Significantly, the Second

Amended Complaint fails to allege that Fannie Mae expressly authorized the calls

made by Resolve.  Moreover, the Second Amended Complaint is devoid of any

allegations of Fannie Mae giving Resolve instructions regarding Resolve's alleged

debt collection calls to Plaintiff.  Indeed, Plaintiff does not even allege that Fannie

Mae had any knowledge of the calls at issue.  Therefore, Plaintiff's claims against

Fannie Mae are precluded under the *Merrill* doctrine, and Fannie Mae respectfully

requests that this Court grant the instant Motion.

## V.   <u>CONCLUSION</u>

For the reasons stated above, Fannie Mae respectfully requests that the Court

grant its Motion to Dismiss with prejudice.

Respectfully submitted,

/s/ Lesli Esposito
Lesli Esposito
Attorney ID: PA 201916
Michael E. Bushey (*pro hac vice*)
Attorney ID: PA 92108
John Huh (*pro hac vice*)
Attorney ID: PA 203230

**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103-7300
Phone:  (215) 656-3300
Fax:  (215) 656-3301
Email:  lesli.esposito@dlapiper.com

*Attorneys for Defendant,*
*Federal National Mortgage Association,*
*(Misnamed in the Complaint and caption*
*"Federal National Mortgage Association*
*Fannie Mae")*

Dated: June 18, 2014

## CERTIFICATE OF SERVICE

I, LESLI ESPOSITO, hereby certify that on this 18th day of June, 2104, a true and correct copy of the foregoing was filed with the Court and served on the following via operation of the Court's CM/ECF system:

> Cynthia Z. Levin, Esq.
> LAW OFFICES OF TODD M. FRIEDMAN, P.C.
> 1150 First Avenue, Suite 501
> King of Prussia, PA 19406
>
> Martin C. Bryce, Jr., Esq.
> Steven C. Sacalis, Esq.
> BALLARD SPAHR, LLP
> 1735 Market Street, 51st Floor
> Philadelphia, PA 19103

/s/ Lesli Esposito
Lesli Esposito

Dated: June 18, 2014