**Cynthia Z. Levin, Esq.**
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
**1150 First Avenue, Suite 501**
**King of Prussia, PA 19406**
**Phone: 888-595-9111 ext 618**
**Fax: 866 633-0228**
**clevin@attorneysforconsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Dawn Hartley-Culp, individually and** ) | Case No. 3:14-cv-00200-JMM |
| **on behalf of all others similarly** ) | |
| **situated,** ) | **PLAINTIFF'S OPPOSITION TO** |
| ) | **DEFENDANT FEDERAL** |
| Plaintiff, ) | **NATIONAL MORTGAGE** |
| ) | **ASSOCIATION'S MOTION TO** |
| vs. ) | **DISMISS SECOND AMENDED** |
| ) | **COMPLAINT** |
| **Green Tree Servicing, LLC, Federal** ) | |
| **National Mortgage Association** ) | |
| **Fannie Mae, and Resolve Solution** ) | |
| **Services Corporation,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

NOW COMES the Plaintiff, DAWN HARTLEY-CULP ("Plaintiff"), by and through her attorneys, and hereby submits the following written opposition in response to Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION'S ("Defendant") Motion to Dismiss the Second Amended Complaint filed in the present matter. Plaintiff's opposition is based upon the authority and arguments contained and attached hereto as well as all pleadings and other documents on file.

# **TABLE OF CONTENTS**

I.     SUMMARY OF FACTS………………………..……………………………3

II.    STANDARD OF REVIEW……………………………………………………3

III.   ARGUMENT……………………………………………………………..4

       A.    An Overview of the TCPA……………….……...………………4

       B.    Defendant Can be Directly Liable for the Calls at Issue and
             Plaintiffs' Well Plead Complaint Should Not be Dismissed……….6

             1.    Defendant Applies an Incorrect Liability Standard Under the
                   TCPA……………………………………………………..…6

             2.    Plaintiffs' Complaint Sufficiently Pleads Facts and
                   Allegations  Against Defendant Under the TCPA as Defendant
                   is the Beneficiary of the Calls at Issue……………..……..…7

       C.    Defendant Can be Vicariously Liable for the Calls at Issue and
             Plaintiffs' Well Plead Complaint Should Not be Dismissed………10

             1.    Per the FCC, Defendant's Vicarious Liability Via its Agency
                   Relationship with Co-Defendants Can be Established Either
                   Actually or Apparently…………..…………………………..10

       D.    The Merril Doctrine Does Not Preclude Defendant from Liability as
             Defendant's Agents' Conduct was not Unauthorized……..……….14

       E.    In the Alternative, Plaintiff Requests Leave to File a Third Amended
             Complaint……………………………………………………………17

IV.    CONCLUSION…………………………………………..……………….17

**OPPOSITION TO MOTION TO DISMISS**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF FACTS

On or about May 21, 2014, Plaintiff, Dawn Hartley-Culp ("Plaintiff"), filed her Second Amended Complaint ("SAC") individually and on behalf of all others similarly situated, against the Defendants, Green Tree Servicing, LLC, Federal National Mortgage Association Fannie Mae, and Resolve Solutions Services Corporation (collectively "Defendants"). In the SAC, Plaintiff alleged that Defendant Federal National Mortgage Association Fannie Mae ("Fannie Mae"), is responsible for the transmission of scores of unsolicited automated and pre-recorded calls to the cellular telephones of Plaintiff and putative class members, thereby invading their privacy in violation of the Telephone Consumer Protection Act ("TCPA"), *47 U.S.C. § 227, et seq.* (*See* Plaintiffs' Second Amended Complaint attached hereto as "Exhibit A").

Fannie Mae moves this Honorable Court for dismissal based upon the false and erroneous position that Plaintiff's Second Amended Complaint does not allege sufficient facts to state a cause of action and/or that Fannie is not liable under the TCPA because Fannie Mae did not actually place the offending automated and/or pre-recorded calls at issue to Plaintiff's cellular telephone.  For the reasons discussed below, Fannie Mae's is incorrect in its legal and factual analysis and this Honorable Court should deny its Motion to Dismiss ("MTD")

## II.    STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Fair notice is given when a complaint contains, "sufficient matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), quoting Twombly at 570.

Further, "a complaint attacked by a Rule 12(b)(6) motion to dismiss **does not need detailed factual allegations**." *Twolmbly* at 555 (emphasis added). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In considering a motion to dismiss, a court must take must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and "that a recovery is very remote and unlikely." *Twombly,* 550 U.S. at 556.

## III. <u>ARGUMENT</u>

### A. An Overview of the TCPA

The TCPA was designed to prevent calls and messages like the ones described within Plaintiff's Complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012). In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone
> calls to the home, except when the receiving party

consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose). Based upon these Congressional Findings, the TCPA at *47 U.S.C. § 227b(1)* specifically states that:

It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—

(A) [t]o make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call

Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13.

Furthermore, the Ninth Circuit has confirmed that "Congress intended to regulate the use of [ATDSs] to communicate or try to get into communication with a person by telephone." *Satterfield v. Simon & Schuster*, 569 F.3d 946, 954 (9th Cir. 2009). "Accordingly, the prohibition in the TCPA applies to phone calls

placed to cellular telephone numbers even if the intended recipient does not answer the calls.  It is the mere act of placing the call that triggers the statute." *Filichio v. MRS Associates*, 2010 WL 4261442 *3 (S.D.FL., 2010) citing *Satterfield* at 954.

### B. Defendant is Directly Liable for the Calls at Issue and Plaintiff's Well Plead Complaint Should Not be Dismissed

#### 1. Defendant Applies an Incorrect Liability Standard Under the TCPA

Though any determination as to Fannie Mae's liability under the TCPA is an issue best suited for a Motion for Summary Judgment and not a Rule 12(b)(6) Motion to Dismiss, Fannie Mae incorrectly argues that it cannot be held directly liable under the TCPA because it did not actually place  the automated and/or pre-recorded calls at issue.  However, numerous courts throughout the country have held that Fannie Mae can be directly liable for the calls placed to Plaintiff's cellular telephone, <u>even if </u>Fannie Mae <u>did not place the calls</u>.

The plain language of the TCPA confirms that *any person* is prohibited from engaging in conduct violative of the statute, even if "it did not physically send the messages at issue."  *In re Jiffy Lube Int'l, Inc.*, *Text Spam Litigation*, 2012 WL 762888 *3 (S.D.CA. 2012); *Gomez v. Campbell-Ewald Co.*, 2010 WL 7345680 *3 (C.D.CA. 2010); *see also Account Outsourcing v. Verizon Wireless Personal Communications, L.P.*, 329 F. Supp. 2d 789, 805 (M.D.LA. 2004) (finding that the "any person" language broadly defines the scope of whose conduct is prohibited under the TCPA); *Texas v. Am. Blastfax Inc.*, 121 F. Supp. 2d 1085, 1089 (W.D. TX. 2000) (reviewing the "any person" phrase and holding that the TCPA's plain language places zero restrictions on who can be liable under the statute); *Maryland v. Universal Elections,* 787 F. Supp. 2d 408, 415 (D. Md. 2011) (finding "it is highly unlikely that Congress intended to insulate

persons and entities like the defendants from § 227(d) liability while imposing sole liability on broadcasters").

Fannie Mae's cited cases, allegedly holding a contrary position regarding the TCPA, are misguided, distinguishable, and do not confirm Fannie Mae's position. Fannie Mae's cases generally stand for the position that if a statute is silent as to vicarious liability, the traditional tort-based theory of vicarious liability controls. However, Fannie Mae ignores the fact that the cases cited by Plaintiff *supra* hold that **the TCPA is *not* silent on vicarious liability** and thus, any tort-based theory for vicarious liability is not applicable in the instant matter.

Furthermore, in other similar litigation arising under the TCPA for unsolicited calls and/or text messages, the beneficiary of the calls and/or text messages were not able to escape liability simply because the beneficiary did not transmit the text messages themselves. See *Satterfield* at 946, *Abbas v. Selling Source, LLC*, 2009 WL 4884471 (N.D.IL.2009); *Kramer v. Autobytel, Inc., et al*, 759 F. Supp. 2d 1165, 1172 (N.D.CA. 2010); *Lozano v. Twentieth Century Fox*, 702 F. Supp. 2d 999 (N.D.IL. 2010); *Weinstien v. The Timerland Co.*, et al, 06-cv-0484 (N.D.IL. 2006). Thus, Fannie Mae cannot seek to have the matter dismissed simply because it did not physically place the calls at issue, especially because,as the beneficiary of the calls at issue, Fannie Mae *can* be found directly liable under the TCPA.

> ### 2. Plaintiff's Second Amended Complaint Sufficiently Pleads Facts and Allegations Against Defendant Under the TCPA as Defendant is the Beneficiary of the Calls at Issue

Notwithstanding its failed arguments pertaining to direct liability, Fannie Mae claims that the SAC fails to properly allege causes of action as to Fannie Mae. However, Fannie Mae clearly failed to read the SAC *in its entirety*, and notably, the verbatim transcribed message left on Plaintiff's cellular telephone, As "[t]he Court will dismiss only those claims for which it appears beyond doubt

that plaintiff can prove no set of facts which would entitle him to relief. *Wyler Summit Partnership v. Turner Broadcasting Sys., Inc.,* 135 F.3d 658, 661 (9th Cir.1998), this Honorable Court would be justified in denying Defendant's motion.

Fannie Mae argues that the SAC warrants a dismissal for failure to properly plead Fannie Mae's involvement in the calls received. Fannie Mae's position fails to recognize and acknowledge the plethora of specific factual allegations *contained throughout the entirety* of the SAC. In establishing Fannie Mae's involvement in the calls at issue, the SAC pleads:

> 12. Beginning on or about August 29, 2013, Defendant Resolve started calling Plaintiff's cellular telephone number ending in 6721, **regarding a home loan issued by Defendant Fannie Mae**, that was being serviced by Defendant Green Tree.

> 13. From approximately August 29, 2013, onwards, Defendant Resolve, **on behalf of Defendant Fannie Mae**, regarding a loan being serviced by Defendant Green Tree, placed *at least* twenty-six (26) calls to Plaintiff's cellular phone, and left pre-recorded voice-messages for Plaintiff, requesting return calls at (904)638-3506 and (267)296-9862.Defendant Resolve left such voice messages on Plaintiff's cellular phone, **on Defendant Fannie Mae and Defendant Green Tree's behalf, at their direction, and under their control.**

> 14. On or about August 29, 2013, Defendant Resolve left the following message for Plaintiff:

> Hello, this is a private message for Lee Culp. Only if you are not, Lee Culp, please disconnect from this message during this three second pause. **Resolve is calling on behalf of Fannie Mae** regarding your Green Tree Servicing LLC mortgage loan to offer free

assistance to homeowners. Experienced counselors will meet with you in person or over the phone to help you with a number of options with your mortgage. We have made attempts to contact you. **Help from Fanie Mae is available** but you must return our call. Please call us today to schedule an appointment at (904)638-3506. Press 5 anytime during this message and one of our loan counselors will immediately assist you. Resolve and their loan counselors are debt collectors, and this communication is an attempt to collect a debt. And, any information obtained from you will be used for that purpose. Thank you and please call us back. . .904-638-3506.

15.    Defendant Resolve left multiple (subsequent) similar voice-messages on Plaintiff's cellular phone, **Defendant Fannie Mae and Defendant Green Tree's behalf, at their direction, and under their control.**

20.    Plaintiff    never    provided    any    personal information, including her cellular telephone number to Defendant Green Tree, **Defendant Fannie Mae** or Defendant Resolve, **is not a customer of any of the Defendants**, **and has never previously contacted any of the Defendants in any fashion**.    Thus, at no time did Plaintiff provide Defendants or their agents with prior express consent to receive telephone calls from an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

21.    These telephone calls by Defendant Resolve, **on behalf of Defendant Fannie Mae**, regarding a loan being serviced by Defendant Green Tree, or its agents, violated 47 U.S.C. § 227(b)(1).

(SAC, Exhibit A) (Emphasis added).  Fannie Mae conveniently looks past these six paragraphs when it claims that Plaintiff fails to allege a sufficient connection between Fannie and its other co-defendants.  However, nothing could be further

**OPPOSITION TO MOTION TO DISMISS**

from the truth, as Plaintiff made *specific and detailed* allegations pertaining to the calls received, the fact that Fannie Mae was the lender of the loan, and even transcribed verbatim one of the many voicemails left by Resolve, which clearly and unequivocally states that Resolve was calling on behalf of Fannie Mae and that Fannie could offer assistance with a return call to Resolve.

As argued *supra,* courts throughout the nation have confirmed that Fannie Mae can be directly liable for the calls received by Plaintiff because Fannie Mae is the beneficiary of said calls. Fannie Mae's beneficiary status is well pleaded in the SAC. The verbatim recitation of the content conveyed in the pre-recorded voice messages show that the messages at issue alerted Plaintiff as to home loan offers/services being offered by Fannie Mae, which could be realized with a return to call to its agent, Resolve. These factual allegations alone withstand Fannie Mae's faulty motion.

As such, the SAC more than sufficiently pleads a cause of action against Fannie Mae, as the beneficiary of the calls at issue. Pursuant to case law nationwide, Fannie Mae can be directly liable for such conduct. The SAC thus meets all requirements as imposed by the Federal Rules of Civil Procedure in addition to the Supreme Court of the United States and thus, "[t]he facts of this case…do not amount to the rare situation in which granting a motion to dismiss is appropriate." *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008).

    **C.    Defendant Can be Vicariously Liable for the Calls at Issue and Plaintiff's Well Plead Complaint Should Not be Dismissed**

        **1.    Per the FCC, Defendant's Vicarious Liability Via its Agency Relationship with Co-Defendants Can be Established Either Actually or Apparently**

OPPOSITION TO MOTION TO DISMISS

Fannie Mae acknowledges that it can be held vicariously liable for the calls placed to Plaintiff's cellular telephone. However, Fannie Mae claims that Plaintiff fails to allege sufficient facts to establish an agency relationship between Fannie Mae and Resolve. However, Fannie Mae overlooks specific facts and allegations in the SAC, in addition to the fact that the FCC has specifically held that such vicarious liability does exist and can be established via a variety of agency theories.

On May 9, 2013, the FCC issued its declaratory ruling in the *Matter of The Joint Petition Filed by DISH Network, LLC, the United States of America, and the States of California, Illinois, North Carolina, and Ohio for Declaratory Ruling Concerning the Telephone Consumer Protection Act (TCPA) Rules* (herein after referred to as "*In Re Dish*"). 2013 WL 1934349 (2013). There, the FCC specifically stated that "…we explain below that a seller may be liable for violations by its representatives under a broad range of agency principles, including *not only formal agency, but also principles of apparent authority and ratification*." *Id*. at *9 (emphasis added). Further, the FCC explained that "[a] principal may be liable in circumstances where a third party has apparent (if not actual) authority. Such '[a]pparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and is traceable to a manifestation of the principal." *Id*. at *11. Given the FCC's guidance and authority, the SAC clearly pleads sufficient facts to establish an agency relationship between Fannie Mae and the calling party, Resolve. In establishing Fannie Mae's involvement in the calls at issue, the SAC pled the following paragraphs:

> 12.    Beginning on or about August 29, 2013, Defendant Resolve started calling Plaintiff's cellular telephone number ending in 6721, **regarding a home loan issued by Defendant Fannie Mae**, that was being serviced by Defendant Green Tree.

**OPPOSITION TO MOTION TO DISMISS**

13.    From approximately August 29, 2013, onwards, Defendant Resolve, **on behalf of Defendant Fannie Mae**, regarding a loan being serviced by Defendant Green Tree, placed *at least* twenty-six (26) calls to Plaintiff's cellular phone, and left pre-recorded voice-messages for Plaintiff, requesting return calls at (904)638-3506 and (267)296-9862.Defendant Resolve left such voice messages on Plaintiff's cellular phone, **on Defendant Fannie Mae and Defendant Green Tree's behalf, at their direction, and under their control.**

14.    On or about August 29, 2013, Defendant Resolve left the following message for Plaintiff:

Hello, this is a private message for Lee Culp. Only if you are not, Lee Culp, please disconnect from this message during this three second pause. **Resolve is calling on behalf of Fannie Mae** regarding your Green Tree Servicing LLC mortgage loan to offer free assistance to homeowners. Experienced counselors will meet with you in person or over the phone to help you with a number of options with your mortgage. We have made attempts to contact you. **Help from Fanie Mae is available** but you must return our call. Please call us today to schedule an appointment at (904)638-3506. Press 5 anytime during this message and one of our loan counselors will immediately assist you. Resolve and their loan counselors are debt collectors, and this communication is an attempt to collect a debt. And, any information obtained from you will be used for that purpose. Thank you and please call us back. . .904-638-3506.

15.    Defendant Resolve left multiple (subsequent) similar voice-messages on Plaintiff's cellular phone, **Defendant Fannie Mae and Defendant Green Tree's behalf, at their direction, and under their control.**

**OPPOSITION TO MOTION TO DISMISS**

20.     Plaintiff     never     provided     any     personal
information, including her cellular telephone number to
Defendant Green Tree, **Defendant Fannie Mae** or
Defendant Resolve, **is not a customer of any of the
Defendants**, **and has never previously contacted any
of the Defendants in any fashion**.  Thus, at no time
did Plaintiff provide Defendants or their agents with
prior express consent to receive telephone calls from an
ATDS or an artificial or prerecorded voice, pursuant to
47 U.S.C. § 227 (b)(1)(A).

21.     These telephone calls by Defendant Resolve, **on
behalf of Defendant Fannie Mae**, regarding a loan
being serviced by Defendant Green Tree, or its agents,
violated 47 U.S.C. § 227(b)(1).

(SAC, Exhibit A) (Emphasis added).  Fannie Mae conveniently looks past these
six paragraphs when it claims that Plaintiff fails to allege a sufficient agency
relationship between Fannie and its co-defendants.  However, nothing could be
further from the truth, as Plaintiff make *specific and detailed* allegations
pertaining to the calls received, the fact that Fannie was the lender of the loan,
and even transcribed verbatim one of the many voicemails left by Resolve which
clearly and unequivocally states that Resolve was calling on *behalf* of Fannie
Mae, and that Fannie could offer assistance with a return call to Resolve. Further,
the SAC pled that Resolve left the messages at isse, on behalf of Fannie Mae, at
Fannie Mae's direction, and under its control. (SAC, Exhibit A, at ¶13).

Even should this Honorable Court not find that Plaintiff has alleged
sufficient facts to support a formal agency relationship between Fannie and
Resolve, Plaintiff has surely plead sufficient facts to support a theory of agency
via apparent authority.  The very messages left by Resolve specifically state that
Resolve is calling "on behalf of Fannie Mae" and that "Help from Fannie Mae" is
available to the recipient of the call.  Again, the SAC alleges that Resolve's calls
were placed at Fannie Mae's direction and under its control. (SAC, Exhibit A, at

**OPPOSITION TO MOTION TO DISMISS**

¶13). While Fannie Mae may discover evidence during litigation which it believes shows that no such agency existed between Fannie Mae and Resolve, for purposes of Fannie Mae's *Fed. R. Civ. P.* 12(b)(6) challenge to Plaintiff's allegations, which must be taken as true, Plaintiff has sufficiently pled an agency relationship between Fannie Mae and Resolve. Pursuant to the FCC, this creates vicarious liability for Fannie Mae as to the calls at issue, and the Court should deny Fannie Mae's motion on this basis.

### D. The Merril Doctrine Does Not Preclude Defendant from Liability as Defendant's Agents' Conduct was not Unauthorized

Fannie Mae lastly seeks to escape liability by claiming the *Merrill* doctrine precludes it from vicarious liability to its co-defendants' calls and that the SAC fails to allege sufficient facts to overcome this. Per the Western District of Pennsylvania, as it pertains to the *Merrill* doctrine, "[t]his judicial reluctance to bind the government by its agent's **unauthorized** conduct is based upon numerous considerations including sovereign immunity, separation of powers and public policy. *Lovell Manufacturing v. Export–Import Bank of United States,* 777 F.2d 894, 898 (3d Cir.1985). As recently as 1990, the Supreme Court reiterated its continuing reluctance to estop or to bind the government by **unauthorized** acts. *Office of Personnel Management v. Richmond,* 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387, (1990)." *Paslowski v. Standard Mortgage Corp. of Georgia*, 129 F.Supp.2d 793, 800 (W.D.PA. 2000) (emphasis added). Thus, it is clear that the *Merrill* doctrine to which Fannie seeks refuge under, would only apply to unauthorized conduct by Resolve or any other agent. However, as the SAC clearly alleges, Fannie Mae's agent's conduct was indeed authorized and thus, the *Merrill* doctrine does not preclude liability in this matter. In pleading Fannie Mae's involvement, direction, control and authority provided to its co-defendants in placing the calls at issue, Plaintiff pled the following paragraphs:

12.     Beginning on or about August 29, 2013, Defendant Resolve started calling Plaintiff's cellular telephone number ending in 6721, **regarding a home loan issued by Defendant Fannie Mae**, that was being serviced by Defendant Green Tree.

13.     From approximately August 29, 2013, onwards, Defendant Resolve, **on behalf of Defendant Fannie Mae**, regarding a loan being serviced by Defendant Green Tree, placed *at least* twenty-six (26) calls to Plaintiff's cellular phone, and left pre-recorded voice-messages for Plaintiff, requesting return calls at (904)638-3506 and (267)296-9862.Defendant Resolve left such voice messages on Plaintiff's cellular phone, **on Defendant Fannie Mae and Defendant Green Tree's behalf, at their direction, and under their control.**

14.     On or about August 29, 2013, Defendant Resolve left the following message for Plaintiff:

Hello, this is a private message for Lee Culp. Only if you are not, Lee Culp, please disconnect from this message during this three second pause. **Resolve is calling on behalf of Fannie Mae** regarding your Green Tree Servicing LLC mortgage loan to offer free assistance to homeowners. Experienced counselors will meet with you in person or over the phone to help you with a number of options with your mortgage. We have made attempts to contact you. **Help from Fanie Mae is available** but you must return our call. Please call us today to schedule an appointment at (904)638-3506. Press 5 anytime during this message and one of our loan counselors will immediately assist you. Resolve and their loan counselors are debt collectors, and this communication is an attempt to collect a debt. And, any information obtained from you will be used for that purpose. Thank you and please call us back. . .904-638-3506.

**OPPOSITION TO MOTION TO DISMISS**

15.    Defendant Resolve left multiple (subsequent) similar voice-messages on Plaintiff's cellular phone, **Defendant Fannie Mae and Defendant Green Tree's behalf, at their direction, and under their control.**

20.    Plaintiff never provided any personal information, including her cellular telephone number to Defendant Green Tree, **Defendant Fannie Mae** or Defendant Resolve, **is not a customer of any of the Defendants**, **and has never previously contacted any of the Defendants in any fashion**. Thus, at no time did Plaintiff provide Defendants or their agents with prior express consent to receive telephone calls from an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

21.    These telephone calls by Defendant Resolve, **on behalf of Defendant Fannie Mae**, regarding a loan being serviced by Defendant Green Tree, or its agents, violated 47 U.S.C. § 227(b)(1).

(SAC, Exhibit A) (Emphasis added). Defendant conveniently looks past these six paragraphs when it claims that Plaintiff fails to allege a sufficient agency, control and/or direction between Defendant and its other co-Defendants. However, nothing could be further from the truth, as Plaintiff made *specific and detailed* allegations pertaining to the calls received, the fact that Fannie was the lender of the loan, and even transcribed verbatim one of the many voicemails left by Resolve which clearly and unequivocally states that Resolve was calling on behalf of Fannie Mae and that Fannie Mae could offer assistance with a return call to Resolve. While discovery has yet to commence, it is certainly plausible that Fannie Mae had knowledge of Resolve's actions and Resolve acted at Fannie Mae's direction and under its control and supervision; such facts which must be taken as true at the pleading stage, were in fact plead in the SAC (SAC, Exhibit A at ¶13). In fact, it is actually less plausible, and likely not plausible at all, that

**OPPOSITION TO MOTION TO DISMISS**

Fannie Mae, a self-proclaimed federal instrumentality, would allow a company such as Resolve to place such automated and/or pre-recorded voice calls relating to Fannie Mae's issued home loans, claiming to work on Fannie Mae's behalf and offering Fannie Mae's help or assistance. Should Fannie Mae accumulate evidence in discovery supporting that Fannie Mae in no way was aware of Resolve's activity and never authorized such conduct, it should take up such issues via summary judgment.

Regardless, at the pleading stage, Plaintiff's factual allegations are to be taken as true and thus, Plaintiff properly pleads a sufficient authorization for Resolve to act on Fannie Mae's behalf. Thus, the Court should deny Fannie Mae's MTD.

### E. In the Alternative, Plaintiff Requests Leave to File a Third Amended Complaint

In the event this Court grants Fannie Mae's MTD, Plaintiff respectfully requests that Plaintiff be granted leave of court to file a Third Amended Complaint.

## IV. CONCLUSION

Based upon the foregoing legal authority and argument, Plaintiff respectfully requests this Court to deny Fannie Mae's motion in its entirety. In the alternative, Plaintiff respectfully requests that this Court grant Plaintiff leave of court to file a Third Amended Complaint.

By: **/s/Cynthia Z. Levin**
**Cynthia Z. Levin, Esq.**
**Law Offices of Todd M. Friedman, P.C.**
**1150 First Avenue, Suite 501**
**King of Prussia, PA 19406**
**Phone: 888-595-9111 ext 618**
**Fax: 866 633-0228**
**clevin@attorneysforconsumer.com**
**Attorney for Plaintiff**

**EXHIBIT A**

**OPPOSITION TO MOTION TO DISMISS**

**Cynthia Z. Levin, Esq.**
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
**1150 First Avenue, Suite 501**
**King of Prussia, PA 19406**
**Phone: 888-595-9111 ext 618**
**Fax: 866 633-0228**
**clevin@attorneysforconsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Dawn Hartley-Culp, individually and on behalf of all others similarly situated,** ) | Case No. 3:14-cv-00200-JMM |
| ) | |
| Plaintiff, ) | **SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** |
| ) | |
| vs. ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Green Tree Servicing, LLC, Federal National Mortgage Association Fannie Mae, and Resolve Solution Services Corporation,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

     1.     DAWN HARTLEY-CULP ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of GREEN TREE SERVICING, LLC ("Defendant Green Tree"),FEDERAL NATIONAL MORTGAGE ASSOCIATION FANNIE MAE ("Defendant Fannie Mae"), and RESOLVE SOLUTION SERVICES CORPORATION ("Defendant Resolve) (collectively "Defendants"), in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.      The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.      In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.    TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.      Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5.      As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated

- 2 -

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

call to a landline phone can be an annoyance; an automated call
to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6.     This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7.     Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 18 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district; Plaintiff is a resident of Monroe County, Pennsylvania, which falls within the Middle District of Pennsylvania.

## PARTIES

8.     Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Pennsylvania.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

9.     Plaintiff is informed and believes, and thereon alleges, that Defendant Green Tree is, and at all times mentioned herein was, a corporation whose State of Incorporation and principal place of business is in the State of Florida.  Defendant Green Tree, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Defendant Green Tree conducted business in the State of Pennsylvania and in the County of Monroe, within this judicial district.

10.     Plaintiff is informed and believes, and thereon alleges, that Defendant Fannie Mae is, and at all times mentioned herein was, a corporation headquartered in Washington, District of Columbia.  Defendant Fannie Mae, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).  Plaintiff alleges that at all times relevant herein Defendant Fannie Mae conducted business in the State of Pennsylvania and in the County of Monroe, within this judicial district.

- 3

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

11.     Plaintiff is informed and believes, and thereon alleges, that Defendant Resolve is, and at all times mentioned herein was a company headquarter and incorporated in the State of Ohio. Defendant Resolve, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).  Plaintiff alleges that at all times relevant herein Defendant Resolve conducted business in the State of Pennsylvania and in the County of Monroe, within this judicial district.

## FACTUAL ALLEGATIONS

12.     Beginning on or about August 29, 2013, Defendant Resolve started calling Plaintiff's cellular telephone number ending in 6721, regarding a home loan issued by Defendant Fannie Mae, that was being serviced by Defendant Green Tree.

13.     From approximately August 29, 2013, onwards, Defendant Resolve, on behalf of Defendant Fannie Mae, regarding a loan being serviced by Defendant Green Tree, placed *at least* twenty-six (26) calls to Plaintiff's cellular phone, and left pre-recorded voice-messages for Plaintiff, requesting return calls at (904)638-3506 and (267)296-9862.Defendant Resolve left such voice messages on Plaintiff's cellular phone, on Defendant Fannie Mae and Defendant Green Tree's behalf, at their direction, and under their control.

14.     On or about August 29, 2013, Defendant Resolve left the following message for Plaintiff:

> Hello, this is a private message for Lee Culp. Only if you are not, Lee Culp, please disconnect from this message during this three second pause. Resolve is calling on behalf of Fannie Mae regarding your Green Tree Servicing LLC mortgage loan to offer free assistance to homeowners. Experienced counselors will meet with you in person or over the phone to help you with a number of options with your mortgage. We have made attempts to contact you. Help from Fanie Mae is available but you must return our call. Please call us today to schedule an appointment at (904)638-3506. Press 5 anytime during this message and one of our loan counselors will immediately assist you. Resolve and their loan counselors are debt collectors, and this communication is an attempt to collect a debt. And, any information obtained

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

from you will be used for that purpose. Thank you and please call us back. . .904-638-3506.

15.     Defendant Resolve left multiple (subsequent) similar voice-messages on Plaintiff's cellular phone, Defendant Fannie Mae and Defendant Green Tree's behalf, at their direction, and under their control.

16.     The messages left on Plaintiff's cellular telephone were for Lee Culp; on at least one occasion, Plaintiff informed Defendants that it was contacting *her* cellular telephone, not Lee Culp, and that Defendants should immediately cease such calls; however, Defendants continued placing such calls to Plaintiff's cellular phone.

17.     The calls Defendant Resolve placed to Plaintiff's cellular telephone, on behalf of Defendant Fannie Mae, regarding a loan being serviced by Defendant Green Tree, were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), as prohibited by 47 U.S.C. § 227 (b)(1)(A), or an artificial or prerecorded voice, as also prohibited by 47 U.S.C. §227(b)(1)(A).

18.     The telephone number that Defendant Resolve  or its agents called, on behalf of Defendant Fannie Mae, regarding a loan being serviced by Defendant Green Tree, was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

19.     These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

20.     Plaintiff never provided any personal information, including her cellular telephone number to Defendant Green Tree, Defendant Fannie Mae or Defendant Resolve, is not a customer of any of the Defendants, and has never previously contacted any of the Defendants in any fashion.  Thus, at no time did Plaintiff provide Defendants or their agents with prior express consent to receive telephone calls from an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

21.     These telephone calls by Defendant Resolve, on behalf of Defendant Fannie Mae, regarding a loan being serviced by Defendant Green Tree, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

23.     Plaintiff represents, and is a member of, the Class, consisting of:

> **All persons within the United States who received any telephone call(s) from Defendant Resolve, or its agent(s) and/or employee(s), on behalf of Defendant Fannie Mae, regarding a loan being serviced by Defendant Green Tree, to said person's cellular telephone, made through the use of any automatic telephone dialing system, or an artificial or prerecorded voice, within the four years prior to the filling of the Complaint.**

24.     Defendant Green Tree, Defendant Fannie Mae and Defendant Resolve, and their employees or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

25.     Plaintiff and members of the Class were harmed by the acts of Defendant Green Tree, Defendant Fannie Mae and Defendant Resolve in at least the following ways: Defendant Resolve, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones, on behalf of Defendant Fannie Mae, regarding loans being serviced by Defendant Green Tree,  thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

26.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for

- 6 -

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

27. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant Green Tree, Defendant Fannie Mae, and/or Defendant Resolve's records, or the records of any and all agents of any of these Defendants.

28. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a) Whether, within the four years prior to the filing of this Complaint, Defendant Resolve or its agents placed any calls to the Class, on behalf of Defendant Fannie Mae, regarding loans being serviced by Defendant Green Tree, (other than a call made for emergency purposes or made with the prior express consent of the called party) or to a Class member using any automatic dialing system, or an artificial or prerecorded voice, to any telephone number assigned to a cellular phone service;

b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c) Whether Defendant Green Tree, Defendant Fannie Mae, Defendant Resolve, and their respective agents should be enjoined from engaging in such conduct in the future.

29. As a person that received calls from Defendant Resolve, on behalf of Defendant Fannie Mae, regarding a loan being serviced by Defendant Green Tree, via an automated telephone dialing system without Plaintiff's prior express consent, Plaintiff is asserting claims

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

30.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant Green Tree, Defendant Fannie Mae, and Defendant Resolve's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

31.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

32.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with federal and state law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**
**(AGAINST ALL DEFENDANTS)**

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

- 8

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

33.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

34.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

**(AGAINST ALL DEFENDANTS)**

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

38.     As a result of Defendants knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

39.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants:

**FIRST CAUSE OF ACTION**
**FOR NEGLIGENT VIOLATION OF  THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- 9 -

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

46.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby does demand, a trial by jury.

Respectfully submitted May 21, 2014

By:     **/s/Cynthia Z. Levin**
        **Cynthia Z. Levin, Esq.**
        **Law Offices of Todd M. Friedman, P.C.**
        **1150 First Avenue, Suite 501**
        **King of Prussia, PA 19406**
        **Phone: 888-595-9111 ext 618**
        **Fax: 866 633-0228**
        **clevin@attorneysforconsumer.com**
        **Attorney for Plaintiff**

- 10 -

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**